UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CASE NO. |
| | § | |
| $16,000.00 UNITED STATES CURRENCY | § | |

## COMPLAINT FOR FORFEITURE IN REM

The United States of America, Plaintiff, files this action for forfeiture and alleges upon information and belief:

### Nature of Action

1.      This is a civil forfeiture action in rem brought under 21 U.S.C. § 881(a)(6) which provides for the forfeiture of all moneys furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act, 21 U.S.C. § 801, et seq., all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act, 21 U.S.C. § 801, et seq.

### Jurisdiction and Venue

2.      This Court has subject-matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1345 and 1355.

3.      Venue is proper in the Southern District of Texas under 28 U.S.C. §§ 1355, 1391 and 1395.

1

<u>Defendant Property</u>

4.     The Defendant is $16,000.00 in United States currency ("Defendant Property").  Law enforcement officers and agents seized Defendant Property on or about April 19, 2013, from Roderick Collins ("Collins").  Defendant Property is on deposit in the United States Marshals Service's seized asset deposit fund account at the Federal Reserve Bank.

5.     Collins filed a claim contesting the forfeiture of Defendant Property during the administrative forfeiture proceedings.

<u>Factual Basis</u>

6.     On or about April 18, 2013, Collins booked a flight to travel from Jacksonville, Florida, to Santa Ana, California, with a stop in Houston, Texas, on April 19, 2013.  Collins booked his return flight from Santa Ana, California, to Jacksonville, Florida, for April 21, 2013.  Collins paid $1,064.00 for his round trip ticket with a credit card.  Collins had no checked bags.

7.     Law enforcement officers went to Gate C-24 at the Bush Intercontinental Airport Houston ("IAH") to monitor departing passengers waiting on the flight to Santa Ana, California.   Officers observed Collins who appeared to be nervous and acting as if he were attempting to detect police surveillance.

8.     Houston Police Department ("HPD") Officer Reeves approached Collins, immediately showed Collins his badge and HPD issued identification, and asked if he could speak with Collins.  Collins agreed to speak with Officer Reeves.  Officer Reeves

2

asked to see Collins's plane ticket and identification.   Officer Reeves noticed that Collins appeared nervous.   Officer Reeves asked Collins why he was traveling to California, and Collins said he was going there to buy a car.   Collins stated that he would be meeting a friend in California, but he was not sure where he would be staying while in California. Collins stated that his only luggage was the one bag which was hanging on his shoulder. Collins appeared nervous throughout the conversation.

9.     Officer Reeves asked Collins if he had any narcotics or large sums of money either in his bag or on his person.   Collins denied having any drugs, but he said nothing about money.   Collins consented to a search of his bag, and, as he was removing the bag from his shoulder, Collins stated that he might have some money.   Officer Reeves asked Collins how much money was in the bag, and Collins said that he had eight or ten thousand dollars, but he was not sure.   Officer Reeves asked Collins where the money was, and Collins stated that it was in the pockets of his clothing.   Collins agreed to go with Officer Reeves to an office in the airport for further investigation of the currency.

10.     On the way to the office, Collins stated that he was going to California to purchase a vehicle.   Collins said there were not any good cars in Florida and there were good vehicles in California so he was going to California to look for a vehicle.

11.     Inside the office, law enforcement officers conducted a consensual search of the bag that Collins was carrying.   Officers found two large bundles of United States currency hidden in a pair of pants.   The two large bundles contained smaller bundles which were rubber banded together.   Collins stated that there was eight rubber banded

3

stacks, and he thought it was about $8,000.00.

12.     Collins was not placed under arrest, and he did not ask to leave.   When asked about the source of Defendant Property, Collins said it was his money but his girlfriend had given him about $3,000 from an income tax refund.   Collins said the rest of Defendant Property came from savings and a vehicle he sold recently, although he was unable to provide any specific vehicle description or details of the sale.   Collins said he did mechanic, lawn service, and auto body work.   However, Collins was unable to provide any telephone numbers for his employers.   Collins said that he had not spoken with anyone about purchasing a vehicle in California, and he would just research it on Craig's List and find a vehicle once he arrived in California.   Collins said that he had never purchased any cars in California before.

13.     Collins said that he owned a 1982 Monte Carlo that was registered in his girlfriend's name.   Collins said that he has never filed an income tax return, and he estimated that he had $1,500.00 in his checking account and $1,000.00 in his savings account.   Collins then said that he planned on going to Las Vegas, Nevada.   Collins said that he planned to land in Orange County about 4:00 p.m. on Friday, April 19, rent a car, drive to Las Vegas, gamble some, and then return to Orange County in time to fly out on Sunday, April 21.   Collins was unable to explain when he would have time to shop for the vehicle he was planning to buy in California.

14.     Collins refused to provide a telephone number for his girlfriend.   Collins said that he lives in an apartment, but he does not know how much rent he pays.

4

According to Collins, he just gives his mother some money, but he does not know how much rent she pays.   Collins said that he has three children, two of whom live with him.

15.     Collins stated that he smokes marijuana, and he last smoked marijuana on April 18, 2013.

16.     A K-9 unit conducted a canine verification check of Defendant Property with a certified narcotics detection canine.   The canine alerted to the odor of illegal controlled substances emitting from the currency.

17.     Defendant Property was rubber banded together in a manner commonly used by money couriers for drug traffickers.   Defendant Property consisted of fifty $100 bills, thirteen $50 bills, four hundred ninety-two $20 bills, thirty-six $10 bills, twenty-nine $5 bills, and five $1 bills for a total of $16,000.00.

18.     Defendant Property is money furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act, 21 U.S.C. § 801, et seq., is proceeds traceable to such an exchange, or is money used or intended to be used to facilitate a violation of the Controlled Substances Act, 21 U.S.C. § 801, et seq.

### Notice to Any Potential Claimants

YOU ARE HEREBY NOTIFIED that if you assert an interest in Defendant Property which is subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.   The verified claim must

be filed no later than thirty-five (35) days from the date this Complaint has been sent in accordance with Rule G(4)(b).

An answer or motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty-one (21) days after filing the claim.   The claim and answer must be filed with the United States District Clerk for the Southern District of Texas at United States Courthouse, 515 Rusk, Houston, Texas 77002, and a copy must be served upon the undersigned Assistant United States Attorney at United States Attorney's Office, 1000 Louisiana, Suite 2300, Houston, Texas 77002.

<u>Prayer</u>

Wherefore, the United States of America prays that judgment of forfeiture be entered against Defendant Property in favor of the United States of America under 21 U.S.C. § 881(a)(6) and for such costs and other relief to which the United States of America may be entitled.

Respectfully submitted,
KENNETH MAGIDSON
UNITED STATES ATTORNEY

By:   /S/ Gerald Doyle
Gerald Doyle, AUSA
Admission ID No. 1453
1000 Louisiana, Suite 2300
Houston, Texas 77002
Phone: 713.567.9599
Fax: 713.718.3300

<u>Verification</u>

I, James A. Calhoun, a special agent with the Drug Enforcement Administration, hereby

affirm and verify that the facts set forth in the foregoing Complaint for Forfeiture in Rem

are true and correct to the best of my knowledge and belief.

James A. Calhoun
Special Agent
Drug Enforcement Administration

Sworn and subscribed before me, the undersigned authority, on August 28 , 2013.

Notary Public in and for the State of Texas

My commission expires:



<u>Certificate of Service</u>

I hereby certify that a copy of the foregoing has been served upon the following in the manner indicated on August 28, 2013:

<u>Attorney for Roderick Collins in related administrative forfeiture proceeding</u>
Mr. Charles B. "Brad"Frye
Attorney at Law
815 Walker Street, Suite 1047
Houston, Texas 77002
(certified mail/rrr)

Mr. Roderick Collins
11291 Harts Road, Apt. 903
Jacksonville, Florida 32218
(first class mail and certified mail/rrr)

                                        /S/ Gerald Doyle
                                          Gerald Doyle